ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| BELKYS GONZÁLEZ SANTIAGO<br><br>Apelante<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Apelados | KLAN202301121 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2023CV01469<br><br>Sobre: MANDAMUS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece Belkys González Santiago (señora González Santiago o la apelante) y solicita la revocación de la Sentencia emitida y notificada el 31 de octubre de 2023 por el Tribunal de Primera Instancia Sala de Arecibo (TPI o foro primario). Mediante la referida Sentencia, el foro primario desestimó el recurso de *Mandamus* presentado por la apelante en contra de la Corporación del Fondo de Seguro del Estado (CFSE) y el Estado Libre Asociado de Puerto Rico (ELA), (en conjunto, la parte apelada), y concluyó que la apelante tenía un remedio adecuado en ley que no utilizó.

Por los fundamentos que expondremos a continuación, desestimamos el recurso presentado por la Apelante por falta de jurisdicción, ante el incumplimiento con la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**I.**

El 8 de agosto de 2023, la señora González Santiago presentó *Demanda de Mandamus* ante el foro primario, en contra de la CFSE y el ELA, al amparo de la Regla 55 de Procedimiento Civil, 32 LPRA

Ap. V., R.55. [1]  En esencia, la apelante alegó que fue empleada de la Autoridad de Energía Eléctrica de Puerto Rico (AEE) hasta el 31 de mayo de 2021 y que el 1 de junio de 2021, fue reubicada en la CFSE, a tenor con el *Proceso de Movilidad para Empleados de la Autoridad de Energía Eléctrica,* Memorando Especial Núm. 13-2021, (Memorando Especial Núm. 13-2021), emitido el 26 de marzo de 2021, por la Oficina de Administración y Transformación de los Recursos Humanos (OATRH), tras la adquisición de LUMA. Al respecto, la apelante alegó que el 1 de junio de 2021 comenzó labores en la CFSE en el puesto #70002425, como Oficial de Radicaciones de la División de Reclamaciones, en la Oficina Regional de Arecibo.  En ajustada síntesis, la apelante expuso en la *Demanda de Mandamus* que en la AEE ocupaba un puesto de Supervisor de Servicio al Cliente Senior, el cual era un puesto gerencial de carrera, exento y no unionado y que la CFSE la nombró erróneamente en un puesto no exento y unionado.  La apelante argumentó, además, en su petición de *Mandamus* que la estructura laboral de la CFSE no está conforme Memorando Especial Núm. 13-2021, pertinente al proceso de movilidad de los empleados de la AEE y que no existe otro remedio adecuado y eficaz en ley que atienda su reclamo. Finalmente, la señora González Santiago solicitó al foro primario que expidiera auto de *mandamus* y ordenara a la OATRH y a la CFSE a cumplir con su deber ministerial de colocarla en el puesto correspondiente de acuerdo con lo que establece el Memorando Especial Núm. 13-2021 emitido por la OATRH.  La apelante solicitó, además, al TPI que ordenara la devolución de los días cargados a su licencia de vacaciones, toda vez que la unión estuvo en huelga y los días le fueron descontados. Al respecto, esta razonó, que de

---

[1] Véase Apéndice VII de la Apelación, anejado a la *Moción Informativa en Cumplimiento de Orden, Sometiendo Apéndice Adicional.*

encontrase bien clasificada en un puesto gerencial no hubiera ocurrido dicho descuento.

En respuesta, el 11 de septiembre de 2023, la CFSE presentó *Moción de Desestimación* ante el foro primario.[2] Allí expuso que en estricto cumplimiento con el Memorando Especial Núm. 13-2021, la CFSE figura como la agencia receptora de la movilidad de la apelante y que de conformidad con el Memorando Especial Núm. 13-2021 es la OATRH la agencia que por disposición de ley analiza los aspectos distintivos correspondientes a las especificaciones de clase, para determinar aquellas clases de puestos en los cuales pueden ser reubicados estos empleados. Destacó además, la CFSE, que según dispone el referido memorando, la OATRH es quien tiene la función de enviar una comunicación a la agencia receptora indicándole los candidatos que serán ubicados en su entidad de conformidad con este y los requisitos reglamentarios aprobados por la OATRH al amparo de la Ley Núm. 8-2017.[3] Asimismo, arguyó la CFSE que de conformidad con la Ley Núm. 8-2017, en caso de que el empleado estuviera en desacuerdo, éste podría presentar su reclamación ante la Comisión Apelativa del Servicio Público (CASP) al ser este el foro con jurisdicción primaria para atender el reclamo de la apelante en el término de treinta días. Finalmente, la CFSE puntualizó que establecido lo anterior, la movilidad involuntaria de la apelante proveía un remedio para su impugnación al amparo de la Ley Núm. 8-2017.

En igual fecha, el ELA presentó *Moción de Desestimación*.[4] En síntesis, el ELA sostiene que la apelante fue notificada de una acción de movilidad mediante comunicación fechada 14 de mayo de 2021 y que no apeló ante la CASP dentro del término de treinta días

---

[2] *Véase* Apéndice VI de la Apelación, páginas 48-60.
[3] *Véase,* además, el Memorando Especial Núm. 13-2021 emitido por la OATRH, inciso D, Movilidad Involuntaria (3)(4)(5), a las páginas 84-89 del Apéndice de la Apelación
[4] *Véase* Apéndice IV de la Apelación, páginas 34-47

dispuesto por ley para ello. Cónsono con lo anterior, el ELA señaló que la *Demanda de Mandamus* presentada por la apelante no justifica la concesión de un remedio al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R.10.2. y que tampoco procedía la expedición del *mandamus* solicitado por la señora González Santiago pues esta no estableció la existencia de ningún deber ministerial incumplido, además, de que la apelante tenía un remedio en ley para atender su reclamo que no utilizó.

En desacuerdo, el 3 de octubre de 2023, la apelante presentó *Moción en Oposición a Mociones de Desestimación*, ante el foro primario.[5] En síntesis, la señora González Santiago arguyó que procedía la expedición del auto de *mandamus* toda vez que tanto la CFSE como el ELA debían colocarla o reclasificar su puesto en uno gerencial exento con el resarcimiento de días de vacaciones, costas y honorarios allí solicitados.

Mediante Sentencia emitida y notificada el 31 de octubre de 2023, el foro primario desestimó el recurso de *mandamus* presentado por la apelante. Razonó el TPI que la señora González Santiago tenía un remedio adecuado en ley para atender su reclamo que no utilizó en su debido momento que consistía en apelar ante la CASP.

El 14 de noviembre de 2023, la señora González Santiago presentó *Moción en Solicitud de Determinaciones de Hechos, Conclusiones de Derecho y Reconsideración,* y en esa fecha su solicitud fue declarada No Ha Lugar por el foro primario.

Inconforme, la señora González Santiago presentó el recurso de epígrafe **el 14 de diciembre de 2023** y señala la comisión de los siguientes errores por parte el foro primario:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DESESTIMANDO UN PLEITO DE MANERA SUMARIA EN EL QUE EXISTE UNA CONTROVERSIA REAL DE**

---

[5] *Véase* Apéndice V de la Apelación, páginas 61-80.

**HECHOS, ESPECÍFICAMENTE SI LA APELANTE FUE INDUCIDA A ERROR POR LA PARTE DEMANDADA AL DARLE UNA TARJETA DE IDENTIFICACIÓN CON LA G DE GERENCIAL Y AL HABERLA CONVOCADO A REPORTARSE A SU LUGAR DE EMPLEO CUARENTA Y TRES DÍAS (43) DESPUÉS DE LA FECHA DE NOTIFICACIÓN DE MOVILIDAD.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DESESTIMANDO UN PLEITO DE MANERA SUMARIA EN EL QUE EXISTE UNA CONTROVERSIA REAL DE DERECHO, ESPECÍFICAMENTE SI LA NOTIFICACIÓN DE MOVILIDAD DEFECTUOSA POR NO INCLUIR LA DESCRIPCIÓN DEL PUESTO AL QUE ESTABA SIENDO MOVIDA EN CUANTO A SI EL MISMO ERA EXENTO O NO EXENTO.**

Mediante *Resolución* **de 9 de enero de 2024,** concedimos a la apelante un término de tres (3) días para acreditar la notificación de la Apelación foro primario y concedimos al ELA un término de veinte días para presentar su alegato en oposición a la Apelación presentada por la señora González Santiago.

El **11 de enero de 2024**, la apelante compareció ante nos mediante *Moción Informativa en Cumplimiento de Orden* a la que anejó copia de la *Moción al Expediente Judicial* presentada ante el TPI con copia de la carátula de la Apelación presentada ante este Tribunal de Apelaciones. <u>De dicha moción ni de su anejo puede apreciarse ni corroborarse la fecha de la notificación de la Apelación al foro primario.</u>

Sin embargo, de los registros de SUMAC surge que conforme a la Entrada Núm. 32, la aludida *Moción al Expediente Judicial* en la que se notifica al foro primario la presentación del recurso de epígrafe, fue presentada por la apelante ante el TPI, **el 10 de enero de 2024**. En su *Moción Informativa en Cumplimiento de Orden* presentada ante nosotros el **11 de enero de 2024,** la apelante no aduce justa causa para la demora en el cumplimiento del término de cumplimiento estricto de setenta y dos (72) horas que provee la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**Por su parte, el ELA compareció ante nos hoy 29 de enero de2024, mediante *Solicitud de Desestimación*.** En ajustada síntesis, el ELA sostiene que no surge ni de la *Moción al Expediente Judicial* ni de SUMAC que la apelante hubiera notificado al TPI con copia de la cubierta del escrito de apelación sellada con la fecha y hora de presentación, dentro del término dispuesto por la Regla 14 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

La Regla 14(B) del Reglamento de este Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R.14(B) regula todo lo relacionado a la manera en que se debe presentar una apelación civil. En lo referente a la notificación al TPI sobre la presentación de una Apelación, la citada regla dispone lo siguiente:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las <u>setenta y dos (72) horas</u> siguientes a la presentación del escrito de apelación**. **Este término será de <u>cumplimiento estricto</u>**. (Énfasis suplido).

Para que un Tribunal pueda prorrogar un término de cumplimiento estricto es necesario que la parte justifique su incumplimiento por haber mediado justa causa. De no acreditarse justa causa, el Tribunal no tiene discreción para prorrogar el término en cuestión. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

En *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), el Tribunal Supremo reiteró la importancia del cumplimiento con la notificación al Tribunal de Primera Instancia de la cubierta o primera página del escrito dentro del término de cumplimiento estricto, conforme lo dispuesto por la Regla 14(B) del Reglamento del

Tribunal de Apelaciones.[6] En esa ocasión, nuestro más Alto Foro elaboró sobre la obligación del apelante, recurrente o peticionario de acreditar con razones válidas cualquier desviación de dicha regla. En particular, expresó que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto". *Soto Pino v. Uno Radio Group, supra*, a la pág.92.

Si la parte no acredita dichas circunstancias, un tribunal no tiene discreción para prorrogar el término y, por tanto, no puede considerar el recurso. No bastan meras vaguedades, excusas genéricas sin detalles, ni planteamientos estereotipados para satisfacer este requisito de mostrar justa causa. [7] "[S]in justa causa el incumplimiento con un término de cumplimiento estricto no se puede 'subsanar'".[8]

### III.

La apelación ante nuestra consideración fue presentada el 14 de diciembre de 2023. Conforme a la Regla 14(B) de nuestro Reglamento, *supra*, la apelante contaba con setenta y dos (72) horas a partir de dicho momento para notificar la cubierta o la primera página de su escrito -debidamente sellada con la fecha de presentación - a la Secretaría del TPI que emitió el dictamen apelado. Dicho término reglamentario vencía el martes 19 de diciembre de 2023. Sin embargo, no surge de SUMAC ni de la *Moción Informativa en Cumplimiento de Orden* presentada ante nosotros el 11 de enero de 2024, que la apelante hubiera notificado al foro primario con copia de la cubierta del escrito de apelación sellada con la fecha y la hora de presentación, dentro de dicho término.

---

[6] *Soto Pino v. Uno Radio Group, supra.*
[7] *Id.*, pág. 93.
[8] *Id.*, pág. 96.

Sobre esos extremos emitimos *Resolución* el 9 de enero de 2024, dirigida a que la apelante acreditara el cumplimiento con la Regla 14 (B), *supra,* sin que ello ocurriera. Solo pudimos constatar a través de la Entrada Núm. 32 de SUMAC que el 10 de enero de 2024, la apelante presentó ante el TPI *Moción al Expediente Judicial* en la que notificó al foro primario de la presentación de su apelación ante este Tribunal de Apelaciones el 14 de diciembre de 2024. La apelante tampoco esta adujo justa causa para la demora.

Así las cosas, correspondía a la apelante justificarnos dicho incumplimiento con el término para notificar la presentación de su recurso al foro primario, de manera que estuviésemos en posición de eximirle del cumplimiento estricto de este requisito reglamentario. Reiteramos que, al día de hoy, la apelante ha omitido cumplir con lo anterior ni ha acreditado el cumplimiento con la Regla 14 (B).

Los litigantes, deben cumplir con las disposiciones reglamentarias establecidas para la presentación de los recursos. Es obligación de las partes presentar los escritos que nos permitan acreditar nuestra jurisdicción e identificar y evaluar cuál es el señalamiento que se trae ante nuestra consideración. El incumplimiento con estos requisitos puede acarrear la desestimación del recurso. Véase, Regla 83 (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (C).

Asimismo, es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que tenemos el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. Esto es así porque la falta de jurisdicción no es susceptible de ser subsanada por ningún tribunal, ni pueden las partes conferírsela cuando no la tienen. *Dávila Pollock et al v. R.F. Mortgage*, 182 DPR 86 (2011), *Ponce Fed. Bank v. Chubb LIfe Ins.*

*Co.,* 155 DPR 309 (2001); *Juliá et als. v. Epifanio Vidal, S.E.,* 153 DPR 357 (2001); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

A la luz del derecho antes expresado y ante las faltas antes reseñadas, resulta forzoso concluir que estamos impedidos de atender el recurso de epígrafe por lo que procede su desestimación por falta de jurisdicción, por incumplimiento con la Regla 14 (B), de nuestro Reglamento.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, *desestimamos* el recurso presentado por la apelante por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                           Secretaria del Tribunal de Apelaciones